PER CURIAM.
The salient issue in this case is whether or not the trial court erred when it dismissed plaintiffs’ action on the ground of abandonment.
Suit was filed January 22, 1986. Numerous pleadings were filed by both parties during the first two and a half years after suit was filed. Thereafter, only three pleadings were filed. First, a notice of deposition was filed by defendant on May 31,1988. Second, a motion to enroll as plaintiffs’ counsel was filed by Clinton Hyatt, Jr. on May 25, 1990. Third, a motion to. compel answers to inter *1099 rogatories was filed by Ms. Derren S. Johnson, the duly appointed trustee of Carlmad, Inc., on May 5,1993. [Although Ms. Johnson is an attorney, she was not attorney of record]. On June 3, 1993, defendant filed a motion to dismiss plaintiffs’ suit on grounds of abandonment.
A motion to substitute counsel does not qualify as a step in the prosecution of the case. Chevron Oil Company v. Traigle, 436 So.2d 530 (La.1983). Thus, the only action on the part of plaintiffs which could prevent this action from being considered abandoned was the motion to compel. The trial court ruled that this motion failed to interrupt the five year abandonment period because Ms. Johnson was not the attorney of record.
La.C.C.P. art. 561 provides that “[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years ...” A step in the prosecution or defense of an action within the meaning of art. 561 is a formal move or action before the trial court ^intended to hasten judgment. Murphy v. Hurdle Planting & Livestock Co., 364 So.2d 167, 168 (La.App. 1st Cir.1978), writ denied, 366 So.2d 562 (La.1979). In Mtirphy this court found that a motion to set for trial signed by an attorney who was not, at the time of signing, appellant’s counsel of record did not warrant dismissal. In Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4th 1976), writ denied, 341 So.2d 420 (La.1977), the Fourth Circuit found that an unsigned motion to set for trial was a step in the prosecution which precluded a finding of abandonment. In Kanuk the court stated that art. 561 was not intended to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. The filing of a technically defective motion is a step toward moving the suit to judgment and militates against any intention to abandon the action. Kanuk, 338 So.2d 757. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has his day in court to which he is entitled. See Chevron, 436 So.2d 530.
After a thorough review and evaluation of the record, we find that the motion filed by Ms. Johnson fell within the five year period and clearly demonstrated plaintiffs’ intent not to abandon this lawsuit. Although Ms. Johnson was not the attorney of record when she filed the motion to compel, a technically defective motion is a step toward moving the suit to judgment.
For these reasons we reverse the trial court and remand the matter for further proceedings. Costs of this appeal are to be paid by defendant.
REVERSED AND REMANDED.