748 So.2d 606 (1999)
William HARGIS and Tommy Hargis by and through their next of kin, Ms. Mary KREY
v.
JEFFERSON PARISH, Louisiana, Jefferson Parish Department of Public Utilities, Jefferson Parish Water Department, et al.
No. 99-CA-0971.
Court of Appeal of Louisiana, Fourth Circuit.
December 8, 1999.
Mack E. Barham, Robert E. Arceneaux, Travis L. Bourgeois, Barham & Arceneaux New Orleans, Louisiana, Mitchell H. Tyner, Marrero, Louisiana, Attorneys for Plaintiffs/Appellants.
Robert D. Nolan, Paul O. Dicharry, Sean D. Moore, Adams and Reese, L.L.P., New Orleans, Louisiana, Attorneys for BJ Services Company and Shell Oil Company Defendants/Appellees.
Byrne W. Dyer, III, Gretna, Louisiana, Attorney for Besco Chemical Corporation, Defendant/Appellee.
G. William Jarman, Linda S. Akchin, Charles S. McCowan, III, Kean, Miller, Hawthorne, D'Armond, McCowen, and Jarman, Baton Rouge, Louisiana, Attorneys for IMC Global, Inc. Defendant/Appellee.
Elton F. Duncan, III, Frank A. Piccolo, Kelly Sevin, Duncan & Courington, L.L.C. New Orleans, Louisiana, Attorneys for Southern Water Services, Inc. Defendant/Appellee.
Patrick A. Talley, Jr., Michael R. Phillips, Frilot, Partridge, Kohnke, and Clements, New Orleans, Louisiana, Attorneys for Chevron Chemical Company and Witco Corporation Defendants/Appellees.
Clare Willis Trinchard, Leigh Ann Schell, Trinchard & Trinchard, New Orleans, Louisiana, Attorneys for Texaco, Inc. Defendant/Appellee.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY, III.
McKAY, Judge.
The plaintiffs, William Hargis and Tommy Hargis by and through their next of kin, Ms. Mary Krey, appeal the trial court's judgment dismissing their action on the grounds of abandonment. We affirm.

*607 STATEMENT OF THE CASE
On September 23, 1993, plaintiffs filed suit against numerous defendants injuries the plaintiffs allegedly sustained by ingesting and/or coming into contact with water the defendants contaminated with toxic substances. When the plaintiffs filed suit, they requested that service be withheld.
On June 30, 1998, plaintiffs' counsel wrote to the clerk of court of civil district court and requested service upon thirty-one named defendants and paid the minimum fee of $15.00 per defendant for service.[1] Plaintiffs' letter was not filed into the record of this matter; nor is there any indication that plaintiffs requested the letter be filed into the record. In fact, the letter was not physically in the record before the trial court until the plaintiffs attached it as an exhibit to their motion to set aside dismissal, filed on September 9, 1998.
On July 1, 1998, the amendments to Louisiana Code of Civil Procedure article 561 retroactively reduced the abandonment period from five years to three years. On August 10, 1998, one of the defendants, Besco Chemical Corporation moved for and was granted dismissal of the action against it based on abandonment. On August 18, 1998, two other defendants, BJ Services Company, as successor in interest to Unichem International, and Shell Oil Company moved for dismissal of the entire suit based upon abandonment. The trial court signed the order granting the motion dismissing the entire suit on August 20, 1998.
As mentioned above, on September 9, 1998, the plaintiffs moved to set aside the dismissal. At the same time, plaintiffs filed a motion to stay litigation, to allow withdrawal and substitution of counsel, on the grounds that plaintiffs' counsel was withdrawing and plaintiffs were consulting with alternate counsel. After several continuances, a hearing on these motions was held on December 18, 1998. On December 23, 1998, the trial court, having found no evidence that the plaintiffs showed any intention to move the case towards judgment, denied the motion to set aside the dismissal. The plaintiffs appeal from this judgment.

DISCUSSION
The issue before this Court is whether or not the letter (not filed into the record) sent by the plaintiffs to the clerk of civil district court requesting service on the defendants and the payment of fees for service on some defendants constitutes a formal step in the prosecution so as to prevent abandonment under article 561.
According to Article 561 of the Louisiana Code of Civil Procedure as amended by Act No. 1221 in 1997: "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding." This step must be before the court and must appear in the court record. Melancon v. Continental Casualty Co., 307 So.2d 308, 312 (La.1975); Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983).
In the instant case, the plaintiffs filed suit against a plethora of defendants on September 23, 1993, and requested that service be withheld. The plaintiffs took no further action until June 30, 1998, when they wrote a letter to the clerk of civil district court and requested service upon thirty-one named defendants. This letter was not filed into the record, nor was it before the court. Accordingly, when the defendants moved for dismissals on the grounds of abandonment on August 10, 1998, and August 18, 1998, there was nothing in the record to indicate that any step had been taken in the prosecution or defense of this suit since its initial filing.
*608 The plaintiffs contend that their letter to the clerk of court was a sufficient step in the prosecution of their case in order to avoid abandonment. In support of this proposition, plaintiffs cite Shulver v. Slocum, 566 So.2d 1089 (La.App. 2 Cir.), writ denied, 569 So.2d 984 (La.1990) and Ellzey v. Employers Mutual Liability Ins. Co., 388 So.2d 843 (La.App. 2 Cir.), writ denied, 394 So.2d 617 (La.1980). These cases are distinguishable from the case sub judice. Shulver was decided pursuant to a local custom that allowed a plaintiff to request service by letter to the clerk of court and not on the record, while Ellzey was decided based on a local procedure of accepting letters from out of town counsel in lieu of formal motions. In the instant case, plaintiffs have presented no evidence of an applicable local rule or recognized administrative procedure in Civil District Court for Orleans Parish allowing them to ignore the dictates of the Louisiana Supreme Court in Melancon and Traigle that require that the step be on the record and before the trial court.
Furthermore, the plaintiffs' argument ignores important language in Melancon that explains the underlying reason for requiring that the alleged step in the prosecution of the action be in the court record, i.e., the examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. There is no dispute that examination of the trial court record on July 1, 1998, would not have revealed any action by the plaintiffs other than the filing of their petition for damages.
For the foregoing reasons, we find that the judgment of the trial court was not manifestly erroneous. Accordingly, the trial court's dismissal of the action on the grounds of abandonment is affirmed.
AFFIRMED.
NOTES
[1] It appears that many named defendants with agents of service outside of Orleans Parish remained unserved.