757 So.2d 819 (2000)
Barbara BURKETT
v.
RESOLUTION TRUST CORP., Mortgage Corp., et al.
No. 99-CA-1163.
Court of Appeal of Louisiana, Fifth Circuit.
February 29, 2000.
Dennis S. Mann, Michelle D. Robert, New Orleans, Louisiana, Attorney for Appellant Barbara Burkett.
Mary L. Riche, Legal Division, Dallas, Texas, Attorney for Appellee Federal Deposit Insurance Corporation.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and MARION F. EDWARDS.
*820 CANNELLA, Judge.
Plaintiff, Barbara Burkett, appeals from the trial court ruling granting two exceptions and a motion filed by defendant, Federal Deposit Insurance Corporation, and dismissing plaintiffs suit. For the reasons which follow, we affirm.
Plaintiff alleges that on September 18, 1992, she slipped and fell in an unlit stairwell of a condominium complex owned by Resolution Trust Corporation (RTC). On September 17, 1993, plaintiff filed suit against RTC for the injuries she suffered as a result of the slip and fall. The petition contained the notation "PLEASE WITHHOLD SERVICE UNTIL FURTHER NOTICE." The RTC ceased to exist on December 31, 1995 and the defendant was designated its statutory successor. 12 U.S.C.A. § 1441a(m)(1). The record indicates that on July 2, 1998, a letter written by plaintiffs counsel and dated June 30, 1998, was filed requesting that service be made on the defendant "through their Attorney of Record: Richard C. Frasco 5080 Spectrum Drive, Suite 400-West Dallas, Texas 75248."
On July 29, 1998, defendant filed exceptions of insufficiency of service of process, prescription and a motion to dismiss because of abandonment. Therein defendant argued that they had a registered agent for service of process listed in the Code of Federal Regulations (12 C.F.R. § 309.7) and it was not the former employee upon whom or the address where plaintiff attempted service. Defendant also argued that the case had prescribed because prescription had not been interrupted under La. C.C.P. arts. 1201(c) and 1672(c), where service had not been requested within ninety days of commencement of the action. Finally, defendant argued that the case should be dismissed as abandoned under La. C.C.P. art. 561 because there had been no action in the furtherance of the proceedings for over a three year period.
On May 27, 1999 a hearing was held on the motion and exceptions. On June 4, 1999 judgment was rendered maintaining the exceptions and granting the motion to dismiss. It is from this judgment that plaintiff appeals.
On appeal plaintiff argues that the trial court should not have dismissed her case on the exception of improper service of process because that exception is a declinatory exception and, as such, plaintiff should be granted time to rectify the error. Plaintiff also points out that the trial court erred in granting the exception of prescription because La. C.C.P. art. 1201(c), by its own terms, is only applicable to actions filed "on or after its effective date" of January 1, 1998. Since plaintiffs suit was filed prior to that date, the statute is not applicable to this case. Finally plaintiff argues that the trial court erred in granting the motion to dismiss because plaintiffs counsel mailed the letter requesting service the day before the three year time limit expired. Plaintiff argues that this should be sufficient to stop the abandonment period from running. Further, plaintiff argues that La. C.C.P. art. 561, as amended, should not be retroactively applied to her case to shorten the abandonment period from five to three years.
Defendant concedes that the trial court could have given plaintiff an opportunity to correct service rather than dismissing the case on those grounds. Defendant also concedes that La. C.C.P. art. 1201(c) is not applicable in this case because the case was filed prior to the effective date of the provision and the statute itself states that it will only apply to cases filed on or after its effective date. However, defendant steadfastly argues that the case was nevertheless properly dismissed as abandoned. Defendant argues that the statute by its own terms applies to all pending actions. Further, this court has held that the statute, which decreases the abandonment period from five to three years, does apply to cases pending on the effective date, July 1, 1998. Finally, defendant argues that although *821 a letter requesting service might interrupt the running of the abandonment period, if filed timely, such action taken by plaintiff after the abandonment period has accrued cannot renew the time period.
We consider the abandonment issue first, because its resolution could render the other issues moot. La. C.C.P. art. 561, on abandonment of actions, following its amendment by Act No. 1221 of 1997, provides in pertinent part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years....
The 1997 act amending the article reduced the abandonment period from five to three years. That act further provided, in Section 2 that, "This Act shall become effective on July 1, 1998, and shall apply to all pending actions." Thus, by enacting the provision in 1997 with a delayed effective date until July 1, 1998, the act effectively gave parties a one year grace period to take some action in their pending cases before the act reducing the abandonment period became effective.
This court has previously considered plaintiff's argument that the article, as amended by the 1997 Act, should not apply to pending cases and rejected it. Dempster v. Louisiana Health Services, 98-1112 (La.App. 5th Cir. 3/10/99), 730 So.2d 524, writ denied, 99-1319 (La.7/2/99), 747 So.2d 20. We, therefore, find no merit in plaintiff's argument on that point.
Thus, the sole issue remaining for our consideration is whether the letter, allegedly mailed before the expiration of the abandonment period but not filed into the record until after the expiration of the abandonment period, should serve as an interruption to the running of the abandonment period.
It is well settled that a "step in prosecution" of an action, as used in La. C.C.P. art. 561, requires some formal move, before the court, intended to hasten judgment. Jones v. American Bank & Trust Co., 175 La. 160, 143 So. 35 (1932); Richey v. Fetty, 96-2762 (La.App. 1st Cir. 4/8/98), 715 So.2d 1; Maddie v. Fidelity Nat. Bank, 93 2308 (La.App. 1st Cir. 8/25/94), 641 So.2d 1098; Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (La.App. 5th Cir.1984); American Eagle, Inc. v. Employers' Liability Assur. Corp., Ltd., 389 So.2d 1339 (La.App. 1st Cir.1980), writ denied, 396 So.2d 885, writ denied, 396 So.2d 886; Murphy v. Hurdle Planting & Livestock Co., Inc., 364 So.2d 167 (La.App. 1st Cir.1978), writ denied, 366 So.2d 562; Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App. 2nd Cir.1973), writ denied 274 So.2d 708; DeClouet v. Kansas City Southern Ry. Co., 176 So.2d 471 (La. App. 3rd Cir.), writ refused, 248 La. 383, 178 So.2d 662 (La.1965).
More particularly, "before the court" has been held to mean that the step must appear in the court record. Chevron v. Traigle, 436 So.2d 530, 532 (La. 1983); Melancon v. Continental Casualty Co., 307 So.2d 308, 312 (La.1975); Hargis v. Jefferson Parish, 99-0971 (La.App. 4th Cir. 12/8/99), 748 So.2d 606. All documents to be filed in an action must be delivered to the clerk of court for such purpose and the fact and date of filing are marked thereon upon receipt. La. C.C.P. art. 253. The party obliged to file the document within a time limitation must insure actual delivery. The time when the clerk receives actual delivery is determinative of whether the document was timely filed. Squatrito v. Barnett, 338 So.2d 975 (La. App. 4th Cir.1976). It is incumbent upon the person obliged to file the document to insure that his filing is in the hand of the clerk of court within the delay allowed and he assumes the risk of delay when he chooses to send his filing by mail rather than to deliver it to the clerk of court by hand. Branighan v. Gaskin, 406 So.2d 766 (La.App. 4th Cir.1981).
Applying the above to the facts in this case, we find that plaintiffs request for service of process was not timely made "before the court" through filing in the record. On Wednesday, July 1, 1998, when the amendment to La. C.C.P. art. *822 561 reducing the abandonment period to three years became effective, review of the record in this case revealed no action taken in furtherance of the prosecution of the case for over three years. The abandonment period had run. The fact that the letter requesting service was filed in the record on Thursday, the following day, after the abandonment period had run, cannot resurrect the matter.
Plaintiff argues that mailing the letter on Tuesday, June 30th, should be a sufficient step in furtherance of the prosecution to stop the abandonment period from running. She relies on the case Shulver v. Slocum, 566 So.2d 1089 (La.App. 2nd Cir.), writs denied, 569 So.2d 984 (La.1990). We disagree.
The abandonment provision requires formal action be taken in court. This has been held to mean at least filed in the record. Thus, to stop the abandonment period from running, it was incumbent upon plaintiff to insure that some document in furtherance of the prosecution of the case was timely filed. Plaintiff assumed the risk of delay when she choose to send her filing by mail rather than to deliver it to the clerk of court by hand. Placing a letter in the mail is not the equivalent of a formal action before the court. Additionally, even if we were to consider the date of mailing sufficient to interrupt the running of the abandonment period, plaintiff has put forth no proof that the letter was mailed on June 30th, except the date typed on the letter itself.
Plaintiff's reliance on the Shulver case is misplaced. Shulver is not on point. In Shulver, the letter requesting service was received by the clerk's office, service was ordered and completed and proof of service was placed in the record all before the abandonment period had run. The letter and the proof of service were placed in the record but not marked "filed." The court held that this was a sufficient step in furtherance of the prosecution to stop the abandonment period from running. In the case before us, the letter requesting service was not received before the abandonment period had run. There was no record evidence of any action in this case prior to the expiration of the abandonment period.
Finally, we note that the "step in prosecution" must evidence an intent to hasten the matter to judgment. In this case, suit was filed on the last day before prescription, September 17, 1993, for an accident that occurred on September 18, 1992. Service was withheld at plaintiff's instruction. No record action was taken in the case until the filing of the letter requesting service, on July 2, 1998, almost six years after the accident, and then the requested service was not to the appropriate person designated for service of process for defendant. The intent to hasten the prosecution is not readily apparent.
Therefore, we find, based on the record before us, that there was no error in the trial court ruling which dismissed plaintiffs case as abandoned. In view of our holding on this issue, we find that the other two issues raised by plaintiff on appeal concerning the exceptions are moot.
Accordingly, the judgment of the trial court dismissing plaintiff's case is affirmed. Costs of appeal are assessed against plaintiff.
AFFIRMED.