I?JAMES L. CANNELLA, Judge.
Plaintiff, Lion InvestBanc Corporation (Lion), appeals from a judgment dismissing its action to collect on three promissory notes because of abandonment. We affirm.
On July 31, 1989, Lion’s predecessor in interest, Pontchartrain State Bank (Pontchartrain), filed three suits to collect certain promissory notes. The Federal Deposit Insurance Corporation (FDIC) had appointed Pontchartrain to receive the assets of Commercial Bank and Trust, which had been placed into receivership by the Office of Financial Institutions for the State of Louisiana. One suit was filed against Henry A. Smith, Jr., Gary L. *501 Smith and Glen D. Smith (the Smiths). A second suit was filed against the Smiths and Aquatic Towing, Inc.
A third suit was filed against the Smiths and River Products, Inc. (River Products). The three suits were consolidated. A consent judgment was agreed upon, but before it could be executed and signed, River Products filed for reorganization under Chapter 11 of the United States Bankruptcy Code. River Products was dismissed from the suits in October of 1989 because of the bankruptcy proceedings. Following the reorganization of River Products, the | ^bankruptcy court ordered it to pay five payments to Pontchartrain in satisfaction of the debt that it owed to Pontchartrain.
Subsequently, Pontchartrain was placed into receivership by the State and the FDIC appointed Baton Rouge Bank and Trust Company to receive its assets. This bank was merged into its holding company, Lion, who was substituted as Plaintiff herein. On December 2, 1998, the final payment was made by River Products to Lion. No other payments were made by any of the other Defendants herein.
On July 27, 2001, the remaining Defendants filed motions to dismiss based on abandonment (La.C.C.P. art. 561), which the trial judge granted ex parte. On August 31, 2001, Lion filed a motion to vacate the ex parte orders of dismissal. On October 4, 2001, the matter was heard and on October 15, 2001 the trial judge denied Lion’s motion to vacate.
On appeal, Lion asserts that the trial judge erred in granting the motions to dismiss because the motions failed to include affidavits, as required by the statute, and/or because River Products, one of the original Defendants, made payments on the debt, thus interrupting the three-year prescriptive period of abandonment. La.C.C.P. art. 561 provides in part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding ...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a ^deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action....
This Court held in Burkett v. Resolution Trust Corp., 99-1163, p. 5 (La.App. 5th Cir.2/29/00), 757 So.2d 819, 821, citing numerous cases, that “a “step in prosecution” of an action, as used in La. C.C.P. art. 561, requires some formal move, before the court, intended to hasten judgment.” [Emphasis added.] See also: Clark v. State Farm Mut. Auto Ins. Co., 00-3010, p. 6 (La.5/15/01), 785 So.2d 779, 784. Except for formal discovery actions, (see C.C.P. art. 561B), “before the court” means that the “step” must appear in the court record. Burkett, 99-1163 at p. 6, 757 So.2d 821; Clark, 00-3010 at p. 6, 785 So.2d 784.
Lion contends that the failure of the remaining Defendants to attach affidavits to their motions precludes the trial judge *502 from entering a formal order of dismissal. However, the statute states that it “shall be” operative without formal order. Thus, it needs no formal order of dismissal to be effective. Clark, 00-3010 at p. 6, 785 So.2d at 784. When a party or other interested person moves for dismissal under the statute, an affidavit is to be filed with the motion in order to avoid the possible waiver by that party of the right to assert abandonment. Id. In response to an objection by Lion, the trial judge may order a contradictory hearing to permit the opposing party an opportunity to rebut the allegations of the mover.
In this case, the trial judge issued the orders of dismissal based on the remaining Defendants’ motions that failed to include affidavits. Lion responded with a motion to vacate the orders based on the failure of the remaining Defendants’ to include the affidavits and/or because payments by River Products interrupted the time period. The trial judge ordered a hearing and the remaining Defendants subsequently filed the affidavits. A contradictory hearing was held in which Lion had an opportunity to show that it had no intent to abandon the cases and that the cases were not abandoned because the time was interrupted. The trial | ¿judge denied the motion to vacate after hearing the evidence. Because Lion was given the opportunity to oppose the abandonment, and because the statute is self-activating, we find that the remaining Defendants’ failure to attach the affidavits with the motions did not mandate that the trial judge vacate the orders of dismissal.
Next, Lion contends that the trial judge erred in not vacating the orders of dismissal because the time period was interrupted by the payment by River Products in December of 1998. Lion contends that payment by River Products constitutes acknowledgment of the debt and cites Clark.
In Clark, the Louisiana Supreme Court noted that only two instances of acts outside a record would support an order rescinding the order of dismissal. The Supreme Court stated:
Only two categories of causes outside the record are permitted; namely, those causes falling within the two jurisprudential exceptions to the abandonment rule. Those two exceptions are: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiffs control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.
Clark, 00-3010, p. 7, 785 So.2d at 784-785.
In Clark, the Supreme Court found that an insurer’s pre-abandonment unconditional tender made outside of the record was a step in the prosecution or defense of the case indicating an intent to waive abandonment, because it relieved the insurer of potential penalties. The Supreme Court distinguished this type of tender from a settlement offer or informal negotiations, which would not serve to interrupt the abandonment period. Clark, 00-3010 at pp. 17-18, 785 So.2d at 791. In Clark, the insurer was a party. Here, River Products was no longer a party when it made the payments. In Clark, the tender was made to avoid penalties under the [ (¡insurance code. Here, the payments were made in reorganization, pursuant to an order by the federal bankruptcy court.
The alleged “acknowledgments”, which Lion asserts interrupted prescription, were made outside the record, hence were not formal “steps” in the prosecution or defense of the cases. They were not made to “hasten judgment” since River Products was no longer a defendant. Although the *503 remaining Defendants here can waive their claim of abandonment by their acts performed outside of the record, any acknowledgment sufficient to waive the claim must be inconsistent with their intent to treat the case as abandoned. That is not the case here. The remaining Defendants took no action in this case and River Products had no interest in the lawsuits since it had been dismissed in October of 1989, nine years prior to the filing of the motions for dismissal. Furthermore, we find no legal basis to attribute River Products’ actions to the other remaining Defendants. River Products is a completely separate entity from the other Defendants. James v. Formosa Plastics Corporation of Louisiana, 01-2056 (La.4/3/02), 813 So.2d 335. Because they are separate entities, River Products’ actions cannot be attributed to the Defendants as acts inconsistent with their intent to treat the case as abandoned by acknowledgment. Thus, we find that the trial judge did not err in dismissing the cases for abandonment under La. C.C.P. art. 561.
Accordingly, the judgments of the trial court are hereby affirmed. Lion is assessed costs of this appeal.
AFFIRMED.