885 So.2d 38 (2004)
Janice ISAAC and Laurence Leslie
v.
BENSON CHEVROLET COMPANY, General Motors Corporation, Inc., New United Motor Manufacturing, Inc., ABC Insurance Company, XYZ Insurance Company, and DEF Insurance Company.
No. 04-CA-419.
Court of Appeal of Louisiana, Fifth Circuit.
September 28, 2004.
*39 Jasper N. Pharr, New Orleans, LA, for Plaintiff/Appellant.
Ernest P. Gieger, Jr., John E. Baay, II, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and THOMAS F. DALEY.
JAMES L. CANNELLA, Judge.
The Plaintiffs, Janice Isaac and Laurence Leslie, appeal from the trial court judgment in favor of the Defendant, General Motors Corporation, Inc., which dismisses the Plaintiffs' case as abandoned. For the reasons which follow, we affirm.
The Plaintiffs filed suit on December 17, 1998 for damages that they sustained in an automobile accident that occurred in 1997. Several preliminary matters were handled and discovery progressed. The last court action of record in the case before the filing by the Defendant of the Ex Parte Motion to Dismiss was dated October 14, 1999 and was a consent order in response to the Defendant's Rule to Compel Responses to Interrogatories and Request for Production of Documents. However, the Defendant admits, and attached evidence, that discovery continued thereafter, with the last activity occurring on September 12, 2000, when the Defendant requested medical records of Laurence Leslie from Pendleton Memorial Methodist Hospital pursuant to a medical records release completed by him on August 31, 2000. On September 22, 2003, the Defendant filed an ex parte motion to dismiss the suit on the ground of abandonment, with supporting documentation and an affidavit attesting that no steps in the prosecution of the action occurred of record or through discovery after September 12, 2000. The trial court signed the order dismissing the suit. The Plaintiffs were served through their attorney with the judgment and filed a motion to set aside the dismissal. On October 30, 2003, the trial court rendered judgment with reasons denying the motion. It is from this ruling that the Plaintiffs appeal.
The Plaintiffs argue herein, as they did in the trial court, that they clearly had no intent to abandon their case and this fact was within the knowledge of the Defendant. Supporting this contention, the Plaintiffs point to numerous facts, although not appearing of record, that evidence their pursuit of the case. Counsel for the Plaintiffs alleged that he tried to contact defense counsel by telephone and never received a return call. He stated that on May 7, 2003 he forwarded a letter to defense counsel regarding settlement of the case. Upon receiving no response, he forwarded a certified letter to defense counsel requesting available dates to schedule a Settlement Conference/Pretrial Conference with the trial court. Again, receiving no response, he mailed to the Defendant a copy of the Motion and Order to Set Pre-Trial/Settlement Conference that he intended to file, but he did not file the motion with the trial court because he sought to obtain a mutually acceptable date.
The Plaintiffs' counsel contends that a period of several months passed where his attempts to contact defense counsel by phone and mail went unanswered. He argues that defense counsel's failure to respond, while waiting for the abandonment period to run, is a violation of the Professionalism Code and outside of the intent of La. C.C.P. art. 561, the abandonment statute. Thus, the Plaintiffs argue that the judgment by the trial court dismissing their case as abandoned should be set aside.
La C.C.P. art. 561, on abandonment of *40 actions, provided[1]:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened;
(b) In which an administrator or executor has been appointed; or,
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.
In James v. Formosa Plastics Corp. of Louisiana, 01-2056 (La.4/3/02), 813 So.2d 335, 338 the Louisiana Supreme Court explained:
Article 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party. Clark v. State Farm Mut. Auto. Ins. Co., 00-3010 (La.5/15/01), 785 So.2d 779; Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983).
A party takes a "step" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment, or when he takes a deposition with or without formal notice. Clark at p. 6, 785 So.2d at 784. See also Chevron, 436 So.2d at 532; Melancon v. Continental Cas. Co., 307 So.2d 308, 312 (La.1975); Sliman v. Araguel, 196 La. 859, 200 So. 280, 281 (1941); Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731, 732 (1927).
This Court has found that "it is well settled that a `step in prosecution' of an action, as used in La. C.C.P. art. 561, requires some formal move, before the court, intended to hasten judgment. Jones v. American Bank & Trust Co., 175 La. 160, 143 So. 35 (1932); Richey v. Fetty, 96-2762 (La.App. 1st Cir.4/8/98), 715 So.2d 1; Maddie v. Fidelity Nat. Bank, 93 2308 (La.App. 1st Cir.8/25/94), 641 So.2d 1098; Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (La.App. 5th Cir.1984); American Eagle, Inc. v. Employers' Liability Assur. Corp., Ltd., 389 So.2d 1339 (La. App. 1st Cir.1980), writ denied, 396 So.2d 885, writ denied, 396 So.2d 886; Murphy *41 v. Hurdle Planting & Livestock Co., Inc., 364 So.2d 167 (La.App. 1st Cir.1978), writ denied, 366 So.2d 562; Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La. App. 2nd Cir.1973), writ denied, 274 So.2d 708; DeClouet v. Kansas City Southern Ry. Co., 176 So.2d 471 (La.App. 3rd Cir.), writ refused, 248 La. 383, 178 So.2d 662 (La.1965)." Burkett v. Resolution Trust Corp., 99-1163 (La.App. 5th Cir.2/29/00), 757 So.2d 819, 821.
The Court in Burkett went on to note that "`before the court' has been held to mean that the step must appear in the court record. Chevron v. Traigle, 436 So.2d 530, 532 (La.1983); Melancon v. Continental Casualty Co., 307 So.2d 308, 312 (La.1975); Hargis v. Jefferson Parish, 99-0971 (La.App. 4th Cir.12/8/99), 748 So.2d 606." We have also found that ongoing negotiations do not necessarily relieve the negotiating parties of their duty to protect the court record once suit has been filed for purposes of determining whether the action has been abandoned. Lizama v. Williams, 99-1040 (La.App. 5th Cir.3/22/00), 759 So.2d 865.
In this case, there is no record activity or discovery occurring after September 12, 2000. The Defendant filed a motion to dismiss on the grounds of abandonment on September 22, 2003. While we have no reason to doubt the Plaintiffs' counsel's assertions that he attempted to reach defense counsel by telephone and through the mail for several months prior to the September 22, 2003 filing, like the trial court, we do not find that the activity, which was not of record or in the nature of formal discovery was sufficient to prevent the abandonment period from running.[2]
The Plaintiffs argue, with supporting jurisprudence, that La. C.C.P. art. 561 "is not designed to dismiss actions on technicalities but to dismiss those actions which in fact have been abandoned." Viesel v. Republic Ins. Co., 95-0244 (La.App. 4th Cir.11/30/95), 665 So.2d 1221. They contend that the result here is unjust where the Defendant, as alleged by the Plaintiffs, is allowed to succeed on its motion to dismiss for abandonment when they knew, through the telephone calls and written correspondence that the Plaintiffs had no intent to abandon their case. Moreover, the act of not responding to the Plaintiffs' entreaties, while waiting for the time to pass to file the abandonment motion, is a violation of the Professionalism Code.
While we are sympathetic to the Plaintiffs' plight under the facts as alleged in this case, we are constrained to follow the jurisprudence of our circuit as well as that of the Supreme Court requiring court record activity or formal discovery to defeat the abandonment motion. Should the Supreme Court address the matter and resolve it otherwise, finding that dismissal on grounds of abandonment is not warranted under the statute where the defendant has knowledge of the plaintiff's actions that evidence an intent to move forward with the case, we would certainly follow that decision. However, it is not our job to create new law, but to follow existing law.
Accordingly, we affirm the trial court decision granting the Defendant's motion to dismiss the Plaintiffs' case as abandoned *42 and denying the Plaintiffs' motion to set aside the dismissal. Costs of appeal are assessed against the Plaintiffs.
AFFIRMED.
NOTES
[1] La. C.C.P. art. 561 was amended by Act No. 545, § 1 of 2003, not relevant to the case before us, deleting the language pertaining to a contradictory hearing and adding subparts (A)(3) and (4). The statute, as quoted above, in effect prior to the amendment and at the time of the dismissal of this case, is applicable.
[2] The Plaintiffs also argue that the trial court ruling should be reversed because the trial court failed to first conduct a contradictory hearing. We find no merit in this argument because we have assumed, in considering the argument and ruling against the Plaintiffs, that the Plaintiffs facts were true, negating the need for a hearing. Moreover, the contradictory hearing is discretionary and there is no showing of an abuse of the trial court's discretion.