946 So.2d 185 (2006)
Peter TURNER
v.
MARINE INLAND TRANSPORTATION CO. and Maryland Marine, Inc.
No. 06-CA-342.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
Timothy J. Young, Robert J. Young, Jr., The Young Firm, New Orleans, Louisiana, for Plaintiff/Appellant.
Edward F. LeBreton, III, John L. Robert, III, Fowler, Rodriguez, Chalos, Flint, Gray, McCoy, O'Connor, Sullivan & Carroll, L.L.P., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
EDWARDS, Judge.
Plaintiff/appellant, Peter Turner ("Turner"), appeals a judgment of the Twenty-Fourth Judicial District Court dismissing his action against defendant/appellee, Maryland Marine, Inc. ("Maryland Marine"), as abandoned. We affirm.
Turner filed suit on November 23, 1998 against his Jones Act employer, Marine Inland Transportation Company ("Marine Inland"), and third-party defendant, Maryland Marine. The suit was for damages received in a chemical exposure while Turner was employed as a seaman on a barge owned by Maryland Marine and operated by Marine Inland, two separate entities. Various pleadings were filed, including a third-party demand by Maryland Marine against St. Paul Fire & Marine Insurance Company ("St.Paul"), which insured Marine *186 Inland. On December 3, 1999, Maryland Marine filed a pleading entitled Memorandum in Opposition to Cross-Motion of St. Paul.
On January 6, 2000, Marine Inland filed a Notice of Bankruptcy, and, on January 14, 2000, it filed a Notice of Automatic Stay and Notice of Case Under Chapter 11 of the United States Bankruptcy Code. On September 23, 2000, Maryland Marine filed an Ex Parte Motion to Dismiss for Abandonment, which motion was granted by the trial court on September 27, 2000. The next document relevant to this matter was filed by Turner on May 26, 2005. That pleading was a Motion to Vacate Order Granting Defendant's Motion to Dismiss for Abandonment, alleging in part that, on September 24, 2000, Turner had requested the court set the dismissal for hearing and that he was not served with the judgment granting dismissal as required by LSA-C.C.P. art. 561. Proper service of the judgment is not an issue on appeal. The court granted Turner's motion to set the dismissal for hearing. Following the hearing, the court took the case under advisement and, on July 14, 2005, vacated its order of September 27 and granted dismissal, finding that Turner's claim had been abandoned as of December 3, 2000. Turner filed a Motion for New Trial and/or to Amend Judgment, alleging that the court made a typographical error in determining the matter had been abandoned by December 2, 2000 and that, presumably, the court intended to use the date of December 3, 2002. Turner also disputed the merits of the judgment. The court granted the motion and, on August 1, 2005, amended the judgment to reflect an abandonment date of December 3, 2002.
On appeal, Turner urges that dismissal was improper, arguing that the ex parte order was improperly granted. That order is not before us. Rather we are concerned only with the 2005 judgment. We agree with Turner and the trial court that the earliest date that the matter could be deemed abandoned was December 9, 2002, three years after Maryland Marine filed its Opposition to Cross Motion of St. Paul. Turner, however, alleges that, on September 24, 2002, it forwarded to the trial court a letter requesting a contradictory hearing on the Motion to Dismiss, and that such letter constitutes a "step in the prosecution" in the case.
Under LSA-C.C.P. art. 561, an action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.
Article 561 requires three things: (1) that a party take some "step" in the prosecution or defense of the action; (2) that it be done in the trial court and, with the exception of formal discovery, on the record of the suit; and (3) that it be taken within three years of the last step taken by either party. . . .
A party takes a "step" in the prosecution or defense of an action when he takes formal action before the court intended to hasten the matter to judgment, or when he takes a deposition with or without formal notice. . . . [1]
This Court has found that "it is well settled that a `step in prosecution' of an action, as used in La. C.C.P. art. 561, requires some formal move, before the court, intended to hasten judgment."[2] *187 This Circuit has recognized that "before the court" means that the step must appear in the court record.[3] For instance, we have determined that ongoing negotiations do not necessarily relieve the negotiating parties of their duty to protect the court record once suit has been filed for purposes of determining whether the action has been abandoned.[4]
In the present case, the only copy in the record of the September 24, 2002 letter sent to the district court judge was attached to Turner's opposition memorandum dated May 26, 2005. It appears that that letter was sent to the judge via facsimile showing a date of September 24, 2002. However, the letter is stamped as having been received by the clerk on May 26, 2005. This letter does not appear anywhere else in the record on appeal, and there is no indication that the letter was ever filed into the record prior to 2005. Thus, Turner failed to protect the record as required by LSA-C.C.P. art. 561. Further, a letter by plaintiff to a trial judge, requesting that the matter be set for trial, does not constitute a step in prosecution taken in the trial court within the period required by statute to avoid abandonment.[5] All pleadings or documents to be filed in an action or proceeding instituted or pending in a court shall be delivered to the clerk of court for such purpose. LSA-C.C.P. art. 253. A party obliged to file a pleading within a time limitation must ensure actual delivery, since it is the time when the clerk receives actual delivery which determines whether that pleading has been timely filed.[6]
In addition, as a motion to set for trial, the letter does not meet the requirements of LSA-R.S. 13:850, which are mandatory. A litigant can only avail himself of the convenience of filing a pleading by facsimile transmission if the litigant ensures that the original document is received by the clerk's office, along with all applicable fees, within five days, exclusive of legal holidays.[7]
Turner urges, and we agree, that LSA-C.C.P. art. 561 is not designed to dismiss actions on technicalities but to dismiss those actions which, in fact, have been abandoned. While we do not question that Turner did fax the letter to the court on September 24, we are obliged to follow the law and the jurisprudence requiring court record activity or formal discovery to defeat an abandonment motion.
For the foregoing reasons, the judgment is affirmed. Turner is assessed all costs of this appeal.
AFFIRMED.
NOTES
[1] James v. Formosa Plastics Corp. of Louisiana, 01-2056 (La.4/3/02), 813 So.2d 335, 338 (citations omitted).
[2] Isaac v. Benson Chevrolet Co., 04-419 (La. App. 5 Cir. 9/28/04, 885 So.2d 38) (citations omitted).
[3] Burkett v. Resolution Trust Corp., 99-1163 (La.App. 5 Cir. 2/29/00), 757 So.2d 819, 821.
[4] Lizama v. Williams, 99-1040 (La.App. 5 Cir. 3/22/00), 759 So.2d 865.
[5] Tinsley v. Stafford, XXXX-XXXX (La.App. 1 Cir. 10/7/94), 644 So.2d 677, writ denied, 1994-2753 (La.1/6/95), 648 So.2d 933.
[6] Pelt v. Guardsmark, Inc., 451 So.2d 621 (La.App. 5 Cir.1984); Granger v. Jefferson Parish Dep't of Recreation, 00-1811 (La.App. 5 Cir. 3/14/01), 783 So.2d 471.
[7] Granger v. Jefferson Parish Dep't of Recreation, supra.