EDWARD A. DUFRESNE, JR., Chief Judge.
 

 |2This is an appeal by Peter Turner, plaintiff-appellant, from a judgment dismissing his suit against Marine Inland Transportation Co. (MITCO), defendant-appellee, on grounds of abandonment. For the following reasons, we affirm.
 

 Plaintiff alleged in his petition in this matter that he was injured in 1997 while loading chemicals onto a barge owned by
 
 *757
 
 Maryland Marine, Inc., and operated by MITCO. Both parties were named as defendants. MITCO filed a Notice of Bankruptcy and the state action against it was stayed on January 14, 2000.
 

 During this period and after, no steps had been taken by any party to prosecute or defend the claim against Maryland Marine since December of 1999. On September 23, 2002, Maryland Marine urged a motion to dismiss based on abandonment and the motion was granted on September 27, 2002. Plaintiff apparently did not participate in that dismissal due to lack of notice.
 

 The next pertinent action in the case came on May 26, 2004, when MITCO’s bankruptcy was closed. On July 12, 2004, plaintiff propounded written discovery ^requests on MITCO. Then, on May 26, 2005, plaintiff filed a motion to set aside the judgment dismissing the case against Maryland Marine asserting that he had never received notice of the hearing on the motion as required by law. Maryland Marine responded and MITCO filed a brief in support of Maryland. A hearing was held on August 13, 2005, at which MITCO’s counsel was in attendance. The court set aside the original September 27, 2002, order, but sustained the motion to dismiss based on a showing that no action had been taken in the case since December 9, 2002, and therefore that the action was abandoned as of December 9, 2005. That judgment was affirmed on appeal to this court.
 
 Turner v. Marine Inland Transportation Co., and Maryland Marine, Inc.,
 
 06-342 (La.App 5th Cir. 10/31/06), 946 So.2d 185.
 

 No action was taken by plaintiff against MITCO between the July 12, 2004, discovery request and August 14, 2007, when plaintiff filed a motion for a status conference. MITCO urged the present motion to dismiss for abandonment on October 3, 2007, and this motion was granted. This appeal followed.
 

 As discussed in
 
 Turner, supra,
 
 La.Code Civ. Pro. Art. 591 requires three things to defeat a motion to dismiss based on abandonment. First, a party must take some “step” in the prosecution or defense of the action; second, this step must be done on the record of the suit except for formal discovery; and third, the “step” must be made within three years of the last “step.” A party takes a “step” in the prosecution or defense of the action when he takes formal action on the record of the case before the court or initiates formal discovery intended to hasten the matter to judgment.
 

 The above summary of the procedural facts of the case shows that as to MITCO plaintiff made a formal discovery request on July 12, 2004, and did nothing else in regard to this party until he filed a request for a status conference |4over three years later on August 14, 2007. MITCO for its part did nothing by way of defending against plaintiffs claim during this same period.
 

 Plaintiff argued in the district court, and re-argues here, that the various actions taken in respect to Maryland Marine’s motion to dismiss constituted “steps” in the case. Specifically, he notes that during the above period of inaction as to MITCO 1) he filed his motion to vacate the September 27, 2002, judgment of dismissal; 2) MITCO filed a brief in opposition to his motion; 3) MITCO’s counsel appeared at the hearing on his motion; and 4) he appealed that matter from November 5, 2005 until October 31, 2006, when this court affirmed the judgment dismissing Maryland Marine.
 

 The issue here is thus whether the above activities constituted “steps” intended to hasten the matter to judgment. In
 
 *758
 

 Augusta Sugar Co. v. Haley,
 
 163 La. 814, 112 So. 731 (1927), the court held that efforts to keep a suit on the docket of the court by opposing a motion to dismiss do not constitute “steps” designed to hasten the matter to judgment. Implicit in this holding is that efforts to have the suit dismissed similarly do not constitute steps in the prosecution of the suit.
 

 In the present case, all of the actions taken by plaintiff and MITCO during the relevant three year period had only to do with opposing or supporting a motion to dismiss based on abandonment, albeit in relation to Maryland Marine. The trial judge determined that these actions did not constitute “steps” and sustained MIT-CO’s motion to dismiss. We agree.
 

 Plaintiff also points to a letter dated September 24, 2002, which was faxed to the judge in opposition to Maryland Marine’s motion to dismiss of September 23, 2002. This letter was not made of record when produced, but it was submitted as an exhibit on May 26, 2005, with his motion to set aside the September 27, 2002 judgment of dismissal. He asserts that introduction of this letter in 2005, during |Bthe three year period of abandonment as to MITCO, constituted a “step” in the prosecution of the case. We disagree. As held above, any action in opposition to a motion to dismiss for abandonment, which is what the letter is, do not constitute such a step.
 

 For the foregoing reasons, we affirm the judgment dismissing the suit against MIT-CO on grounds of abandonment.
 

 AFFIRMED.