TAYLOR CASSILLI, INDIVIDUALLY, AND ON BEHALF THE MINORS, NEVAEH' PALMISANO AND BLAKE CASSILLI, II, JASON BROOKINGS, INDIVIDUALLY AND ON BEHALF OF THE MINOR, JASON BROOKINGS, II

VERSUS

SUMMERFIELD APARTMENTS, LLC

NO. 21-CA-261

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 761-983, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING


January 26, 2022


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and John J. Molaison, Jr.


**<u>AFFIRMED</u>**

    **JJM**
    **FHW**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
TAYLOR CASSILLI, INDIVIDUALLY, AND ON BEHALF THE MINORS,
NEVAEH' PALMISANO AND BLAKE CASSILLI, II, JASON BROOKINGS,
INDIVIDUALLY AND ON BEHALF OF THE MINOR, JASON BROOKINGS, II
    DaShawn P. Hayes

COUNSEL FOR DEFENDANT/APPELLEE,
SUMMERFIELD APARTMENTS, LLC
    G. Patrick Hand, Jr.

**MOLAISON, J.**

Appellants, the plaintiffs[1] in a personal injury action, appeal the trial court's denial of their Motion to Set Aside Judgment after it granted the defendant's Motion to Dismiss Pursuant to Louisiana Code of Civil Procedure Article 561. For the reasons that follow, we affirm the trial court's ruling that denied the Appellants' motion.

## PROCEDURAL HISTORY

The underlying facts of the Appellants' lawsuit are not at issue, and the procedural history of the matter is brief. The record indicates that the Appellants filed a petition on June 16, 2016, which alleged that the defendant, Summerfield Apartments, LLC. ("Summerfield"), was liable for injuries that the Appellants sustained after exposure to toxic mold while tenants in Summerfield's apartment complex. After the Appellants filed an amended petition on October 19, 2016, Summerfield answered the petition on January 17, 2017. On February 27, 2020, Summerfield filed a Motion to Dismiss Pursuant to Louisiana Code of Civil Procedure Article 561, which the trial court also granted on that same date. The trial court's order, which dismissed the Appellants' claims without prejudice, found that the action had become abandoned on January 18, 2020.

On July 16, 2020, the Appellants filed a Motion To Set Aside Judgment, which asserted that the trial court's previous order declaring the action abandoned was in error, as defense counsel had failed to include an affidavit stating that no steps in the prosecution on the matter had occurred over the three prior years, as required by La. C.C.P. art. 561(A)(3).[2] On July 21, 2020, counsel for Summerfield

---

[1] The plaintiffs/Appellants in this matter are: Taylor Cassilli, individually and on behalf of the minors, Nevaeh' Palmisano and Blake Cassilli, II, Jason Brookings, individually and on behalf of the minor, Jason Brookings, II.

[2] La. C.C.P. art. 561(4) states:

supplemented its original Motion to Dismiss with an affidavit setting forth the time period in which the action became abandoned. On October 15, 2020, following a hearing, the trial court denied the Appellants' Motion To Set Aside Judgment.

The instant appeal follows.

## LAW AND ANALYSIS

On appeal, the Appellants assert that the trial court erred in allowing Summerfield to supplement its Motion to Dismiss the action as abandoned without an affidavit from defense counsel, and that the trial court further erred in denying their Motion To Set Aside Judgment.

La. C.C.P. art. 561(3) provides:

> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The sheriff shall serve the order in the manner provided in Article 1314, and shall execute a return pursuant to Article 1292.

As this Court observed in *First Bank & Tr. v. Proctor's Cove II, LLC,* 19-299 (La. App. 5 Cir. 12/30/19), 287 So.3d 888, 895, "Abandonment takes place by operation of law, is self-executing, and is effective without court order. It occurs automatically upon the passing of three years without a step being taken by a party."

The Appellants' argument focuses on the procedural element of La. C.C.P. art. 561(3), which instructs the moving party to include an affidavit which states that "no step has been timely taken in the prosecution or defense of the action."

---

A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal. If the trial court denies a timely motion to set aside the dismissal, the clerk of court shall give notice of the order of denial pursuant to Article 1913(A) and shall file a certificate pursuant to Article 1913(D).

As noted, the trial court's original order granting Summerfield's abandonment motion was signed on February 27, 2020. The Jefferson Parish Clerk of Court issued notice of the judgment on June 3, 2020. It is not indicated in the record when the Appellants actually received notice of the judgment, though counsel asserted that service was made on June 16, 2020. The Motion To Set Aside Judgment was filed on July 16, 2020, and it is unclear whether the motion was timely. However, because Summerfield did not argue below that the Appellants' motion was untimely, we will pretermit further analysis of this issue.

However, as correctly indicated by Summerfield, this Court has previously held that the failure to include an affidavit as part of a motion to dismiss pursuant to La. C.C.P. art. 561, did not require the trial court to vacate its prior order when the non-mover was given the opportunity to oppose the abandonment. *See*, *Lion InvestBanc Corp. v. River Prod., Inc.*, 02-481 (La. App. 5 Cir. 10/29/02), 831 So.2d 500, 502, *writ denied*, 02-2905 (La. 3/14/03), 839 So.2d 36. In the instant case, the matter was not set for a contradictory hearing prior to the trial court signing the order dismissing the case without prejudice. However, the trial court was not required to do so. As explained by the First Circuit in *Hancock Bank of Louisiana v. Robinson*, 20-0791 (La. App. 1 Cir. 3/11/21), 322 So.3d 307, 311, "It is improper for the trial court to set a motion to dismiss on the basis of abandonment instead of signing an order of dismissal ex parte as required by La. C.C.P. art. 561(A)(3)."

In *Lion, supra,* the opportunity for the corporate plaintiff to oppose the motion to dismiss came in the context of its motion to vacate. Prior to the hearing in that case, the defendants did file the previously missing affidavits into the record. Similarly, as will be discussed below, in the instant case the Appellants were afforded the opportunity to oppose the Motion to Dismiss in the context of a contradictory hearing on their own Motion To Set Aside Judgment. Also considering that abandonment takes place by operation of law, and La. C.C.P. art. 561 is self-executing, we do not find that Summerfield's failure to attach an affidavit to its Motion to Dismiss required the trial court to vacate its prior order.

*Evidence of abandonment*

The hearing on the motion to set aside dismissal is a contradictory hearing wherein the plaintiff must produce evidence as to why the order of dismissal shall not be set aside. *See*, *Woodward v. Lumbermens Mut. Cas. Co.,* 00-0399 (La. App. 1 Cir. 3/28/01), 808 So.2d 554, 556. This Court, citing to the Louisiana Supreme

Court's opinion in *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010 (La. 5/15/01), 785 So.2d 779, explained in *Savoie v. Larmarque Ford, Inc.*, 16-221 (La. App. 5 Cir. 12/7/16), 205 So.3d 1001, 1006-07:

> [t]here are two jurisprudential exceptions that allow an ex parte dismissal to be rescinded upon a showing that a cause outside the record prevented accrual of the time period required for abandonment. These two exceptions are: (1) a plaintiff-oriented exception, based on contra non valentem, that applies when failure to prosecute is caused by circumstances beyond the plaintiff's control; and (2) a defense-oriented exception, based on acknowledgment, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned.

Any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Clark*, *supra*, at 787.

In their motion, as on appeal, the Appellants did not argue that sufficient time had not elapsed to consider the action abandoned, or that a superseding cause outside the record had prevented the appellants from prosecuting their case. No evidence was introduced at the hearing on the Appellants' motion to set aside dismissal, and the only argument they advanced was the absence of an affidavit in Summerfield's original motion. At the October 15, 2020 hearing, the trial judge acknowledged the absence of Summerfield's affidavit, but indicated that upon receiving Summerfield's motion, she reviewed the record itself to determine whether the action was abandoned, and granted the motion based on the information contained in the record.[3]

Whether or not a step in the prosecution of a case has been taken in the trial court for a period of three years is a question of fact subject to a manifest error

---

[3] In considering a similar issue that involved a motion to dismiss pursuant to La. C.C.P. art. 561 that was filed without an affidavit, the First Circuit noted that the trial court could properly "take judicial notice of its own proceedings and the suit record." *Clark v. City of Hammond*, 00-0673 (La. App. 1 Cir. 8/10/00), 767 So.2d 882, 883-84, *citing Lee v. East Baton Rouge Parish School Bd.*, 623 So.2d 150, 157 (La. App. 1st Cir.1993).

analysis on appeal. *Dunn v. City of Kenner,* 08-378 (La. App. 5 Cir. 3/26/09), 11 So. 3d 1115, 1117, *writ granted*, 09-1108 (La. 9/18/09), 17 So.3d 400.  In the instant case, after reviewing the entire record, we do not find that the trial court was manifestly erroneous in denying the appellants' Motion To Set Aside Judgment.  Specifically, the record demonstrates that no steps were taken in the prosecution or defense of the Appellants' case for over three years, from between the filing of Summerfield's answer to the amended petition on January 17, 2017, and the Appellants' request for a telephone conference on February 19, 2020.

**DECREE**

Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 26, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-261**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
DASHAWN P. HAYES (APPELLANT)          G. PATRICK HAND, JR. (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED