307 So.2d 308 (1975)
Jesse MELANCON
v.
CONTINENTAL CASUALTY COMPANY et al.
No. 55084.
Supreme Court of Louisiana.
January 20, 1975.
Rehearing Denied February 21, 1975.
*309 Arthur Cobb, Law Offices of Arthur Cobb, Baton Rouge, for plaintiff-applicant.
Carlos G. Spaht, Paul H. Spaht, Kantrow, Spaht, Weaver & Walter, Baton Rouge, for defendants-respondents.
MARCUS, Justice.
On March 30, 1965, Jesse Melancon filed this suit to recover damages for personal injuries that he allegedly sustained while an invitee on property owned, offered for sale, and insured by the several defendants. A jury verdict was returned in plaintiff's favor in the amount of $15,000.00, and the trial judge signed a judgment in accordance therewith on December 15, 1965. Defendants then moved for a new trial on the ground that the verdict and judgment were contrary to the law and the evidence. On January 18, 1966, the trial judge granted the motion and ordered a new trial.
*310 Plaintiff then filed a separate lawsuit in federal court on May 9, 1966, seeking a three-judge panel to assess the constitutionality of the judicial review of fact in Louisiana. Plaintiff's claim was that, in overturning the verdict of the jury and ordering a new trial, the district judge deprived plaintiff of his right to a jury trial as guaranteed by the seventh amendment to the United States Constitution. All defendants of the previous suit were later ordered joined as indispensable parties to the federal action. After a lengthy delay, plaintiff's claims were rejected by the three-judge panel. This decision was ultimately affirmed by the United States Supreme Court in October, 1972.
Thereafter, by letters dated June 12, 1973 and July 16, 1973, plaintiff requested the clerk of the state district court to reallot the original suit for trial, pursuant to the order of the district judge seven years previous granting a new trial. On November, 15, 1973, defendants filed a motion to dismiss the suit on the ground of abandonment. The motion was heard contradictorily, and judgment was rendered in favor of plaintiff, denying defendants' motion to dismiss the action was abandoned.
Defendants then applied to the court of appeal for supervisory writs to review the trial judge's ruling. The application was granted, and, after oral argument, the court of appeal rendered its judgment, reversing the district court and decreeing plaintiff's suit to be abandoned for lack of prosecution. Melancon v. Continental Casualty Co., 295 So.2d 883 (La.App. 1st Cir. 1974). Upon plaintiff's application to this court, we granted a writ of certiorari to review the ruling of the court of appeal. 299 So.2d 796 (La.1974).

ISSUES
This controversy presents two issues for our consideration: (1) whether the action taken by plaintiff in federal court constitutes a step in the prosecution of his original suit in state district court within the five-year period required by article 561 of the Code of Civil Procedure; (2) whether defendants' verbal agreement with plaintiff not to take any action in state court on the original suit while plaintiff pursued his federal claims constitutes a waiver of his right to move for dismissal of the action on the ground of abandonment.

I.
Article 561 of the Code of Civil Procedure provides in pertinent part:

An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
. . . . . .
La.Code Civ.P. art. 561 (1960), as amended by Acts, 1966, No. 36, § 1 (emphasis added). By its clear and unambiguous wording, article 561 requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last "step" taken by either party. Clearly, the action taken by plaintiff in federal court cannot be said to constitute a step taken "in the trial court . . . ." Absent a step taken in the prosecution of the lawsuit by the plaintiff in the original trial court within five years of the order of January 18, 1966 granting defendants' motion for a new trial the action, by the plain terms of article 561, must be considered abandoned. Here, plaintiff took no further action in the trial court until 1973, more than seven years after the order granting a new trial. Hence, under the terms of article 561, the suit was subject to dismissal for abandonment.

II.
Plaintiff contends, however, that, notwithstanding the terms of article 561, defendants *311 waived their right to seek a dismissal of the action for failure to prosecute within five years. He alleges that, in order to avoid issuing an injunction or stay order against the state court prohibiting it from proceeding with the original civil suit while the constitutional claim was in litigation, one of the federal judges on the three-judge panel informally requested that defense counsel refrain from proceeding in state court until the federal claim was resolved. According to plaintiff, defendants' consent to the request constituted a waiver of their right to move later for a dismissal of the suit on the ground of abandonment.
In assessing the propriety of this claim, an examination of the historical background of the rule on abandonment is in order. The source of article 561 is Louisiana Civil Code article 3519, which is located in the section of the Civil Code dealing with the interruption of prescription. Before its amendment in 1960 deleting the second and third paragraphs of the article, which were transferred to the Code of Civil Procedure, article 3519 read in pertinent part:
. . . . . .
Whenever the plaintiff having made his demand shall at any time before obtaining final judgment allow five years to elapse without having taken any steps in the prosecution thereof, he shall be considered as having abandoned the same.
La.Civil Code art. 3519 (1870), as amended by Acts 1954, No. 615, § 1. Upon the expiration of five years without a formal step in the prosecution of the lawsuit, the defendant is discharged from his burden of defense, as a debtor is released from the debt ". . . when the creditor has been silent for a certain time without urging his claim." La.Civil Code art. 3459 (1870). Thus, both historically and theoretically, the rule on abandonment of actions is a species of liberative prescription, separate and distinct from the prescription of the substantive claim itself.[1]
As noted in the original comments appended to article 561, two early exceptions to the five-year rule of abandonment contained in article 3519 were recognized: (1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. See La.Code Civ.P. art. 561, Comment (c) (1960) and authorities cited therein. Properly viewed, these two exceptions evidence two well-established rules of prescription: (1) prescription does not run against one who is unable to interrupt it (contra non valentem agere nulla currit prescriptio), and (2) prescription may be interrupted by acknowledgment.
Plaintiff urges that the second exception, i. e., that defendant "waived" his right to plead abandonment, applies here. Thus, plaintiff argues that he may prove the exception at a contradictory hearing and have the ex parte dismissal of his suit vacated. See id. The redaction comments, however, indicate that the jurisprudential concept of waiver appended to article 3519 was limited to those instances where the defendant had taken some formal step in the defense of the suit within the five-year period of plaintiff's inaction; thus, he was considered to have indicated an intent not to treat the suit as abandoned and was not permitted to plead abandonment. E. g., *312 Green v. Small, 227 La. 401, 79 So.2d 497 (1955); Geisenberger v. Cotton, 116 La. 651, 40 So. 929 (1906).[2] This exception was incorporated into the revision of the rule contained in article 561, which requires inaction by both parties for a period of five years.[3] Under the present rule, the formal action of a defendant is properly regarded as like an acknowledgment that interrupts the five-year period, causing it to run anew. Since defendants took no "step" in their defense within the five-year period following the 1966 order granting a new trial, they did not interrupt the running of time.
Moreover, departure from the well-established rule that requires the interruption under article 561 to be a "step" in the defense of the suit appears unwarranted by the narrow terms of article 561 and inadvisable in light of the policy considerations that underlie the rule of abandonment. The traditional definition accorded to the phrase "steps in [the] prosecution or defense" of a suit requires the action to be formal, before the court, and intended to hasten judgment.[4] The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. Consonant with this, article 561 also provides that the order of dismissal for abandonment shall issue on ex parte motion of any party or other interested person; accordingly, a contradictory hearing of extrinsic evidence is unnecessary. Hence, even if the alleged waiver were of the sort that interrupts the running of the five-year period, extrinsic proof of such a waiver cannot be permitted.

*313 CONCLUSION
In sum, plaintiff has failed to take appropriate steps in the prosecution of his action "in the trial court" for a period of more than five years from January 18, 1966, the date the trial judge entered his order granting a new trial. Moreover, defendants have taken no action in the trial court that may be said to constitute an interruption of the five-year period. Thus, by the terms of article 561, the action is abandoned.

DECREE
For the foregoing reasons, the judgment of the court of appeal is affirmed.
DIXON, J., dissents with reasons.
TATE, J., dissents for reasons assigned by DIXON, J.
DIXON, Justice (dissenting).
I respectfully dissent.
When Act 107 of 1898 was enacted and amended through the years it was never contemplated that the progress of a case might be halted in the State courts while a federal question is litigated in the parallel federal court system. The statute simply does not contemplate the situation presented in this case, and therefore should not be applied to it. The policy considerations behind the statute are not applicable. It is unrealistic to conclude that the plaintiff abandoned his action when he was actively litigating a procedural issue of the case in federal court. This court should not use a strict reading of a procedural article to overcome reality. Article 5051 C.C.P. Law suits should be decided on their merits and should not turn on arbitrary or technical rules of procedure.
NOTES
[1] A distinction must be maintained between prescription of the claim and prescription of the suit for abandonment. The former is interrupted by the filing of suit in a court of competent jurisdiction. La.R.S. 9:5801 (1950), as amended by Acts 1960, No. 31, § 1. However, if, under article 561 of the Code of Civil Procedure, the plaintiff is later found to have abandoned his suit, the interruption is considered as never having happened, and it must then be determined whether the substantive claim is prescribed also. La.Civil Code art. 3519 (1870), as amended by Acts 1960, No. 30, § 1.
[2] Several decisions appear to find that any plea by a defendant to the merits of a case, even if filed after the five-year period has run, constitutes a waiver of the defendant's right to seek a dismissal of the action on grounds of abandonment. E. g., State ex rel. Shields v. Southport Petroleum Corp., 230 La. 199, 88 So.2d 25 (1956); Continental Supply Co. v. Fisher Oil Co., 156 La. 101, 100 So. 64 (1924) (plea of abandonment coupled with plea to merits). In view of the theoretical and historical background of article 3519, the re-enactment of its second and third paragraphs as article 561 of the Code of Civil Procedure, and the legislative intent of the re-enactment as evidenced by the comments appended thereto, these decisions are an incorrect application of the waiver exception to the rule on abandonment of actions. It can be assumed that they were legislatively overruled by the adoption of article 561 in the Code of Civil Procedure, which incorporated the waiver exception only to the extent that a formal step taken by a defendant in his defense interrupts the five-year abandonment period and commences it running anew. Clearly, under the present version of article 561, formal action taken by the defendant after the expiration of five years' inactivity will not preclude a later plea of abandonment by him.
[3] In transferring a portion of article 3519 to the Code of Civil Procedure, the rule was amended to read:

An action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years. . . .
La.Code Civ.P. art. 561 (1960), as amended by Acts 1966, No. 36, § 1 (emphasis added). As the comments additionally note:
This article treats the action as abandoned only if five years has elapsed without any steps being taken by any of the parties in the prosecution or defense thereof. This change was made to provide for the case where the defendant has taken some step in the defense of the action, but subsequently moves to have the action declared abandoned because the plaintiff has failed to take any step in the prosecution thereof for five years.
Id., Comment (b) (1960) (emphasis in original).
[4] For thorough discussions see 26 La.L.Rev. 719 (1966); 40 Tul.L.Rev. 431 (1966).