361 So.2d 273 (1978)
NATIONAL FOOD STORES OF LOUISIANA, INC.
v.
Leroy J. CHUSTZ.
No. 12105.
Court of Appeal of Louisiana, First Circuit.
July 10, 1978.
Greco & Thomas (Stewart M. Thomas), Baton Rouge, Counsel for plaintiff-appellant.
*274 C. Jerome D'Aquila, New Roads, Counsel for defendant-appellee.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
BLANCHE, Judge.
Plaintiff-appellant, National Food Stores of Louisiana, Inc., is appealing the dismissal of its suit based upon the ex parte motion of defendant-appellee, Leroy J. Chustz, on the grounds that under LSA-C.C.P. art. 561 an action is abandoned when the parties fail to take any steps in its prosecution or defense in the trial court for a period of five years.
The record shows that on March 21, 1972, plaintiff filed suit against defendant. The next entry in the record is in a document styled "Petition and Order to Examine Judgment Debtor," said petition being filed September 1, 1977, and the order is shown signed the same date.
On October 20, 1977, the following order was issued by the trial court:
"On motion of the defendant, Leroy Chustz, through his undersigned counsel, and on suggesting to the court that this suit is abandoned, since the parties thereto have taken no step in its prosecution or defense since May 21, 1972, and that it should be dismissed nunc pro tunc, as of May 21, 1977,
"IT IS ORDERED by the Court that this suit is dismissed as of May 21, 1977." (Record, p. 10)
Subsequent to the dismissal of the suit, plaintiff filed a "Motion to Set Aside Order of Dismissal and to make Executory a Confession of Judgment" wherein plaintiff alleged that following the filing of its petition on May 21, 1972, the parties reached a "transaction" and that the defendant executed a confession of judgment which was recorded in the parish mortgage records. It was further alleged that pursuant to a letter dated November 16, 1972, from defendant's former counsel it was agreed that the judgment would not be made executory until four and one-half years after its execution. Plaintiff further contended that it never abandoned the litigation but sought to live up to the terms of the confession of judgment and the letter agreement.
The issue in the case revolves around the interpretation of LSA-C.C.P. art. 561[1]. The crucial words, insofar as the instant case is concerned, are the meaning of "in the trial court" in the first sentence, which reads in its entirety:
"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years." (Emphasis added)
The trial court record is void of any entry between March 21, 1972, and September 1, 1977, when plaintiff filed the judgment debtor examination petition. Clearly, therefore, there were no steps in the "prosecution or defense in the trial court for a period of five years." (Emphasis added) The record being devoid of any entries for in excess of five years, it follows that it became a mere ministerial act of the trial judge to comply with that portion of Article 561 which directs that "on ex parte motion of any party * * * the trial court shall enter a formal order or dismissal as of the date of its abandonment." (Emphasis added)
Both parties rely on the case of Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975), which discusses the only two exceptions to the Article 561 rule of abandonment:
"As noted in the original comments appended to article 561, two early exceptions to the five-year rule of abandonment contained in article 3519 were recognized: *275 (1) when the failure to prosecute was caused by circumstances beyond plaintiff's control, and (2) when the defendant waived his right to plead abandonment by taking any action in the case inconsistent with an intent to treat the case as abandoned. See La.Code Civ.P. art. 561, Comment (c) (1960) and authorities cited therein. * * *" (307 So.2d at 311)
The plaintiff takes the position that the signing and recording of the confession of judgment amounted to being "inconsistent with an intent to treat the case as abandoned." The defendant takes a contra position and cites from Melancon, supra, the statement:
"* * * [A]ny action taken by a party that is alleged to be a step * * * must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. * * *" (307 So.2d at 312)
We find persuasive the defendant's citation from Melancon, supra, as well as the comments of the redactors of the Louisiana Code of Civil Procedure, who wrote:
"With respect to the exception to the rule of abandonment based on the defendant's waiver thereof, the point is moot under the above article, as the problem is solved by its broadened language `when the parties fail to take any steps in its prosecution or defense `for a period of five years. * * *"
For the reasons explained above, the judgment of the trial court is affirmed, with costs cast to the plaintiff-appellant.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 561 provides:

"An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
"An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court, not to be less than one year. As amended Acts 1966, No. 36, § 1."