NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-25

KELDRICK LOUD

VERSUS

RAISING CANE'S RESTAURANTS, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20131936
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Phyllis M. Keaty, and D. Kent Savoie, Judges.

AFFIRMED.

Harold D. Register, Jr.
Attorney at Law
216 Rue Louis XIV
Lafayette, LA 70598-0214
(337) 981-6644
COUNSEL FOR PLAINTIFF- APPELLANT:
        Keldrick Loud

**Jeannie C. Prudhomme**
**Assistant Attorney General**
**556 Jefferson St., 4th Floor**
**Lafayette, LA 70501**
**(337) 262-1700**
**COUNSEL FOR DEFENDANT- APPELLEE:**
    **State of Louisiana, Department of Public Safety& Corrections**

**Peter Joseph Wanek**
**Craig J. Canizaro**
**Kathryn T. Trew**
**McCranie, Sistrunk, Anzelmo, Hardy, McDaniel & Welch, LLC**
**909 Poydras St., Suite 1000**
**New Orleans, LA 70112**
**(504) 831-0946**
**COUNSEL FOR DEFENDANTS- APPELLEES:**
    **Raising Cane's Restaurants, LLC**
    **Officer Brandon Thomspon**
    **Officer Jeff Correro**
    **Officer Patrick Freyou**
    **Officer Jason Nelson**

**PICKETT, Judge.**

Keldrick Loud appeals the judgment of the trial court dismissing his claims against the defendants as abandoned.

## FACTS

In the early morning hours of April 15, 2012, Mr. Loud and a friend went to Raising Cane's restaurant. At some point, Mr. Loud was forcibly removed from the restaurant by off-duty police officers. On April 15, 2013, Mr. Loud filed a Petition for Damages in proper person against Raising Cane's, Officers Jason Nelson, Brandon Thompson, Zack Freedom,[1] and Jeff Correro, of "New Iberia probation and parole," the Lafayette City Police, and the "Lafayette Parish Correctional Center, New Iberia Probation and Parole." Mr. Loud also filed a pauper affidavit at the time he filed the suit, but the trial court denied his request to proceed without paying costs. None of the defendants were ever served.

No further action was taken in the lawsuit until Mr. Loud filed a pauper affidavit on April 26, 2016, which the trial court granted. At this point, Mr. Loud was represented by counsel. The newly served defendants, Raising Cane's restaurant and the State of Louisiana, through the Department of Public Safety and Corrections, filed various exceptions and motions in response to Mr. Loud's petition, including a Motion to Dismiss for Abandonment.

The trial court held a hearing on the motions and exceptions on October 17, 2016. Mr. Loud stated that he issued a subpoena to Raising Cane's seeking video of the incident in the criminal case stemming from the accident. This subpoena, he argued, should be considered a step in the prosecution of this civil suit.

---

[1]     In Raising Cane's answer to the petition, this defendant is referred to as Patrick Freyou.

Unpersuaded, the trial court granted the motion to dismiss for abandonment. The remaining exceptions were deemed moot. Mr. Loud now appeals.

## ASSIGNMENT OF ERROR

Mr. Loud asserts one assignment of error on appeal, "The trial court erred when it granted Defendants' Motion(s) to Dismiss due to Abandonment because Raising Canes [sic] actions of misrepresenting facts regarding the existence of video evidence clearly prevented Keldrick Loud from prosecuting the present action."

## DISCUSSION

An action is deemed abandoned when the parties fail to take any step in the prosecution or defense of the case for a period of three years. La.Code Civ.P. art. 561. Formal discovery in a case is considered a step in the process of the litigation and serves to interrupt the three year abandonment period. La.Code Civ.P. art. 561(B). On appeal, the trial court's findings of fact of whether a step in the litigation has been taken are reviewed under the manifest error standard. *Roy v. Belt*, 13-1116 (La.App. 3 Cir. 10/8/14), 149 So.3d 957, *writ denied*, 14-2363 (La. 2/6/15), 158 So.3d 819.

Mr. Loud filed his petition for damages on April 15, 2013. No further action was taken in this suit until Mr. Loud filed an application for pauper status on April 26, 2016. Clearly, three years has elapsed. Mr. Loud argues that a subpoena duces tecum and a notice of deposition filed in the concomitant criminal proceeding should be considered a step in the prosecution of the civil case. The trial court found that these actions taken in a separate case were not steps in the present case, and we find no error in that finding.

2

Mr. Loud argues on appeal that the doctrine of *contra non valentem* should apply. He alleges that Raising Cane's, in response to a request in the criminal case for video taken the night of the incident, denied having any such evidence. He claims that Raising Cane's deception prevented Mr. Loud from prosecuting his civil claim.

> The plaintiff-oriented exception based on *contra non valentem* applies when the plaintiff makes a showing that his failure to prosecute was caused by circumstances beyond his control. Such circumstances contemplate events which create a legal impediment, such as a plaintiff's active service in the military or confinement to a mental institution, which makes it impossible for the plaintiff to take the necessary steps to prevent abandonment. The exception may apply to the automatic stay attendant with bankruptcy petitions. However, when the plaintiff obtains such a stay and leaves it in place, that is not deemed a circumstance beyond his control. Courts have found that circumstances beyond the plaintiff's control include natural disasters but do not include a pro se litigant's lack of knowledge of applicable deadlines.

*Hercules Offshore, Inc. v. Lafayette Parish Sch. Bd., Sales and Use Tax Dep't*, 14-701, p. 9 (La.App. 3 Cir. 2/11/15), 157 So.3d 1177, 1183-84 (citations omitted). We find no error in the trial court's determination that Mr. Loud's failure to take any action in this suit for over three years was not excused because of circumstances beyond his control. The alleged failure of Raising Cane's to turn over evidence in its possession in a separate criminal case is not a sufficient cause for Mr. Loud to fail to take any step in the prosecution of this suit for over three years.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Mr. Loud.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.