# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-865**

CHARLES R. TALEN, II

VERSUS

RHINO RHENCOVATORS, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2014-101
HONORABLE DAVID RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and D. Kent Savoie, Judges.

**COOKS, Judge, dissents and assigns written reasons.**

**AFFIRMED.**

**Jeff E. Townsend, Jr.**
**512 Pujo Street**
**Lake Charles, LA 70601**
**(337) 436-0999**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
       **Charles R. Talen, Jr.**

**H. Alan McCall**
**Stephen D. Polito**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**P.O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR DEFENDANT/APPELLEE:**
       **Rhino Rhenovators, LLC**

**GREMILLION, Judge.**

## FACTS AND PROCEDURAL HISTORY

On January 6, 2014, Plaintiff, Charles R. Talen, II, filed a Petition for Damages against Defendants, Rhino Rhenovators, LLC and Old Treme Builders, LLC. It was alleged by Plaintiff that he incurred damages as a result of alleged defects in a house built by Rhino and purchased from Old Treme.

On February 12, 2014, Defendants filed a Dilatory Exception of Prematurity and a Peremptory Exception of No Cause of Action based on Plaintiff's failure to comply with the New Home Warranty Act. On May 7, 2014, before the hearing on the exceptions, Plaintiff filed an amended petition and requested the Calcasieu Parish Clerk of Court serve the petition on Defendants. On May 12, 2014, Plaintiff and Defendants informed the trial court they had agreed to pass the hearing on the exceptions scheduled for May 14, 2014. On that date, the parties had a physical inspection of the home performed.

Service of the amended pleading was delayed because Mr. Talen failed to advance court costs. Notice of the failure to pay the requisite court costs was sent to Mr. Talen on four separate occasions. Eleven months later, on April 15, 2015, the amended petition was served on Defendants.

Following the May 2014 inspection, Defendants assert, Mr. Talen took no further steps in the litigation for three years. Defendants acknowledge that the parties engaged in "[s]ome informal settlement negotiations" during the period in question, but no additional pleadings were filed or formal discovery performed during this period. Therefore, Defendants maintain, the action was abandoned as a matter of law on May 15, 2017.

On January 26, 2018, Rhino obtained an ex parte judgment granting its Motion to Dismiss on Abandonment. On January 30, 2018, Mr. Talen attempted to set aside the Court's order, filing an "Opposition to the Motion to Dismiss or in the Alternative, Motion for Rehearing." On May 7, 2018, Mr. Talen filed a "Motion and Order to Fix for Rehearing." The trial court conducted a hearing on its judgment granting the Motion to Dismiss on Abandonment on June 27, 2018. Evidence and arguments were presented by the parties, and after taking the matter under advisement, the trial court denied Mr. Talen's Motion to Vacate Dismissal for Abandonment.

This appeal followed, and Mr. Talen asserts the following assignment of error:

The trial court erred in ruling that the filing of an Amended Petition by Plaintiff on May 7, 2014, which contained a request for service and the actual service on the attorney of record for Defendants of Citation and Petition on April 15, 2015, was not a step in prosecution.

## ANALYSIS

Louisiana Code of Civil Procedure Article 561 governs the abandonment of actions, stating, in pertinent part:

A. (1) An action, except as provided in Subparagraph (2) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:

(a) Which has been opened;

(b) In which an administrator or executor has been appointed; or

(c) In which a testament has been probated.

. . . .

(3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

. . . .

2

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

Article 561 imposes three requirements to avoid abandonment: (1) a party must take some formal "step" in the prosecution of the action; (2) "the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit"; and, (3) the step must be taken within three years "of the last step taken by *either party*; sufficient action by either plaintiff or defendant will be deemed a step." *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 6 (La. 5/15/01), 785 So.2d 779, 784. "[A]bandonment is self-executing; it occurs automatically upon the passing of three-years without a step being taken by either party, and it is effective without court order." *Id.* In *Louisiana Department of Transportation & Development v. Oilfield Heavy Haulers, L.L.C.*, 11-912, pp. 5-6 (La. 12/6/11), 79 So.3d 978, 981-82, the supreme court discussed the purpose and history of abandonment, explaining:

> The purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. See *Chevron Oil Co. v. Traigle*, 436 So.2d 530, 532 (La.1983). Abandonment is not a punitive concept; rather, it balances two competing policy considerations: (1) the desire to see every litigant have his day in court and not to lose same by some technical carelessness or unavoidable delay, and (2) the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from the normal extinguishing operation of prescription. *Clark* [*v. State Farm Mut. Auto. Ins. Co.*], 00-3010, p. 10-11; 785 So.2d at 787.

> Our jurisprudence has uniformly held Article 561 is to be liberally construed in favor of maintaining a plaintiff's suit. *Id.*, p. 8; 785 So.2d at 785. Because dismissal is the harshest of remedies, any reasonable doubt about abandonment should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment. *Id.*, p. 10; 785 So.2d at 787. The intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff's inaction during the three-year period has "'clearly demonstrated his abandonment of the case.'" *Id.*, p. 8-9; 785 So.2d at 785-86 (quoting *Kanuk v. Pohlmann*, 338 So.2d 757, 758 (La.App. 4 Cir.1976), *writ denied*, 341 So.2d 420 (La.1977)). For the purpose of determining abandonment, "the intent and substance of a party's actions matter far

more than technical compliance." *Thibaut Oil Co., Inc. v. Holly*, 06-0313, p. 5 (La.App. 1 Cir. 2/14/07); 961 So.2d 1170, 1172-73.

On appeal, the trial court's determination of whether a "step" in the prosecution of an action has been taken is a finding of fact which is subject to the manifest error standard of review. *Lyons v. Dohman*, 07-53 (La.App. 3 Cir. 5/30/07), 958 So.2d 771. However, whether that "step" precludes abandonment is a question of law, which the appellate court reviews by determining whether the trial court's decision is correct. *Id*.

Defendants argued, and the trial court agreed, that the payment of costs to affect service (which all sides agree occurred) was insufficient to constitute a step in the prosecution of Mr. Talen's case. Defendants cite *King v. American Motorists Insurance Company*, 295 So.2d 26, 28 (La.App. 4 Cir.1974), for the proposition that "it is not the issuance of the citation by the clerk nor the service of it by the sheriff that is controlling here." Defendants argue that a formal request for service by Mr. Talen would control. Defendants maintain that because there was not a re-request for service of process formally entered into the record, it does not constitute a step in the prosecution of plaintiff's case, even if Defendants were, in fact, served during the three-year abandonment period. We agree.

We also note that a June 2, 2015 letter was sent by Mr. Talen's counsel to counsel for Defendants in which Mr. Talen explained to Defendants that the Amended Petition was not served immediately due to an "error." Defendants note that the letter did not specifically request a "status conference" with the court, but instead requested that Defendants "file your responsive pleadings and would further suggest that we request a status conference with the Judge's office in order to set a schedule and tentative trial date." Further, Defendants also note in brief that "[s]ome informal settlement negotiations took place" between the respective counsels during the alleged three-year abandonment period.

The problem is that these "steps," with the exception of the copy of the citation of service of process made on each defendant on April 15, 2015, are not formally in the record. We find the following reasoning from *Oilfield Heavy Haulers, L.L.C.*, 79 So.3d at 985-86 (emphasis added), supports our conclusion that abandonment is appropriate in the present case:

> Thus, the formal action requirement was designed to protect defendants, as "allowing informal, ex parte actions to serve as a step in the prosecution 'might interrupt prescription against abandonment without the opposing parties formally learning of them for months or years, to their possible prejudice.'" *Id.* (quoting *DeClouet* [*v. Kansas City Southern Ry. Co.*, 176 So.2d 471, 476 (La.App. 3 Cir.1965).]
>
> . . . .
>
> We conclude the purpose underlying the formal action requirement would not be served in the present case, as all defendants were aware of the letter, and thus, there is no issue of notice.
>
> . . . .
>
> Similarly, today, we hold the broad language in *Melancon* [*v. Continental Casualty Co.*, 307 So.2d 308 (La.1975)], requiring "any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record" is mistaken *to the extent it precludes actions made by defendants* and known to all parties from constituting a step in the prosecution or defense of an action sufficient to interrupt abandonment. This approach comports with the policy considerations behind the formal action requirement as stated in *Melancon*; at the time an action is dismissed due to abandonment, the status of the litigation must be known with certainty. *Melancon*, 307 So.2d at 312. Where the action is taken by a defendant and there is no issue of notice by any of the parties, there can be no uncertainty.
>
> This holding is also in keeping with our longstanding jurisprudence requiring a liberal construction of Article 561. "[A]bandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Clark*, 00-3010, p. 9; 785 So.2d at 786; *Hargis v. Jefferson Parish*, 00-0072 (La.3/17/00); 755 So.2d 891 (per curiam) (reversing a finding of abandonment based on a letter to the clerk of court requesting service on defendants, which was not filed in the record).

Mere payment of court costs has consistently been held to not constitute a step in the prosecution of a matter. *See D&S Builders, Inc. v. Mickey Constr. Co., Inc.*, 524 So.2d 245 (La.App. 5 Cir. 1988); *Paternostro v. Falgoust*, 03-2214 (La.App. 1 Cir. 9/17/04), 897 So.2d 19, *writ denied*, 04-2524 (La. 12/17/04), 888 So.2d 870. To hold otherwise would allow a litigant to trickle court costs payments every three years and delay the resolution of a case indefinitely.

We are aware of our fourth circuit colleagues' recent decision in *Rixner v. Planned Parenthood Gulf Coast, Inc.*, 18-897 (La.App. 4 Cir. 4/24/19), 270 So.3d 733. In *Rixner*, the plaintiff was pursuing a medical malpractice action arising from the placement of an intrauterine device that allegedly caused her injury. Her petition was only served on the corporate defendant and not on the individual defendants. When the corporate defendant opened a new office, plaintiff mailed a letter to the clerk of court formally requesting service on the individual defendants at the new address. The Orleans Parish Sheriff was unable to effect service at that location. Less than three years from the date of this request for service, the corporate defendant filed a motion to have the matter declared abandoned, which the trial court granted. On appeal, the fourth circuit held that the request for service constituted a step in the prosecution of the case.

We distinguish *Rixner* from the present matter on its facts. In that matter, the record contained the request for service. In the present matter, there is no record of Mr. Talen's payment of costs or request for service.

Our law has long held that settlement negotiations, letters reflecting settlement negotiations, and the like do not constitute steps in the prosecution of a claim. *Hercules Offshore, Inc. v. Lafayette Par. Sch. Bd., Sales & Use Tax Dep't*, 14-701 (La.App. 3 Cir. 2/11/15), 157 So. 3d 1177. Settlement negotiations do not prevent moving a case to judgment. *Id.* Neither would the June 2, 2015 letter from Mr. Talen's counsel to Defendants' counsel.

6

## DECREE

For the foregoing reasons, the judgment of the district court is affirmed.  Costs of this appeal are taxed to Plaintiff, Charles R. Talen, II.

**AFFIRMED.**

**CHARLES R. TALEN, II**

**VERSUS**

**RHINO RHENCOVATORS, LLC, ET AL.**

**COOKS, J., dissents.**

I respectfully dissent from the majority opinion affirming the trial court's denial of Mr. Talen's Motion to Vacate Dismissal for Abandonment.

The law in Louisiana is clear that "abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact have clearly been abandoned." *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 5-6 (La. 5/15/01), 785 So.2d 779, 786. Thus, courts are required to liberally construe La.Code Civ.P. art. 561 in favor of maintaining a plaintiff's action. *Id.* In *Louisiana Department of Transportation & Development v. Oilfield Heavy Haulers, L.L.C.*, 11-912, pp. 5-6 (La.12/6/11), 79 So.3d 978, 981-82, in discussing the purpose and history of abandonment, the Louisiana Supreme Court explained:

> The intention of Article 561 is not to dismiss suits as abandoned based on technicalities, but only those cases where plaintiff's inaction during the three-year period has "'clearly demonstrated his abandonment of the case.'" *Id.*, p. 8-9; 785 So.2d at 785-86 (quoting *Kanuk v. Pohlmann*, 338 So.2d 757, 758 (La.App. 4 Cir.1976), *writ denied*, 341 So.2d 420 (La.1977)). For the purpose of determining abandonment, "the intent and substance of a party's actions matter far more than technical compliance." *Thibaut Oil Co., Inc. v. Holly*, 06-0313, p. 5 (La.App. 1 Cir. 2/14/07); 961 So.2d 1170, 1172-73.

The majority concludes because there was not a re-request for service of process formally entered into the record, the actual service on defendants did not constitute a step in the prosecution of plaintiff's case, even if defendants were, in fact, served during the three-year abandonment period. I disagree and find such a

1

conclusion would defeat the intent and purpose of the law pertaining to the abandonment of actions.

As the jurisprudence has consistently maintained, the purpose of Article 561 is the prevention of protracted litigation filed for purposes of harassment or without a serious intent to hasten the claim to judgment. *Chevron Oil Co. v. Traigle*, 436 So.2d 530, 532 (La.1983). I find the record does not establish the litigation was filed for harassment purposes or that there was no intent on Plaintiff's part to pursue the claim to judgment.

During the three-year abandonment period at issue here, Plaintiff paid the requisite fees necessary for suit to be served on both defendants. The *record contains a copy* of the citation of service of process made on each defendant on April 15, 2015. Clearly this should have alerted Defendants that Plaintiff was pursuing his claim. I also note, a June 2, 2015 letter was sent by Plaintiff to counsel for Defendants in which Plaintiff explained to Defendants the Amended Petition was not served immediately due to an "error" and also opined that the parties set a "status conference with the court." Defendants noted the letter did not specifically request a "status conference" with the court, but instead requested that Defendants "file your responsive pleadings and would further suggest that we request a status conference with the Judge's office in order to set a schedule and tentative trial date." Although that letter was not sent to the trial court, in my view it indicates to counsel for Defendants the Plaintiff's clear intent to continue the pursuit of his claim. Further, Defendants also note in brief that "[s]ome informal settlement negotiations took place" between the respective counsels during the alleged three-year abandonment period.

Although these "steps," with the exception of the copy of the citation of service of process made on each defendant on April 15, 2015, were not formally in the record, I find the following reasoning from *Oilfield Heavy Haulers*, 79 So.3d at

2

985-86, supports the conclusion that abandonment is not appropriate in the present

case:

> Thus, the formal action requirement was designed to protect defendants, as "allowing informal, ex parte actions to serve as a step in the prosecution 'might interrupt prescription against abandonment without the opposing parties formally learning of them for months or years, to their possible prejudice.'" *Id.* (quoting *DeClouet* [*v. Kansas City Southern Ry. Co.*, 176 So.2d 471, 476 (La.App. 3 Cir.1965).]
>
> . . . .
>
> We conclude the purpose underlying the formal action requirement would not be served in the present case, as all defendants were aware of the letter, and thus, there is no issue of notice.
>
> . . . .
>
> Similarly, today, we hold the broad language in *Melancon* [*v. Continental Casualty Co.*, 307 So.2d 308 (La.1975)], requiring "any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record" is mistaken to the extent it precludes actions made by defendants and known to all parties from constituting a step in the prosecution or defense of an action sufficient to interrupt abandonment. This approach comports with the policy considerations behind the formal action requirement as stated in *Melancon*; at the time an action is dismissed due to abandonment, the status of the litigation must be known with certainty. *Melancon*, 307 So.2d at 312. Where the action is taken by a defendant and there is no issue of notice by any of the parties, there can be no uncertainty.
>
> This holding is also in keeping with our longstanding jurisprudence requiring a liberal construction of Article 561. "[A]bandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Clark*, 00-3010, p. 9; 785 So.2d at 786; *Hargis v. Jefferson Parish*, 00-0072 (La.3/17/00); 755 So.2d 891 (per curiam) (reversing a finding of abandonment based on a letter to the clerk of court requesting service on defendants, which was not filed in the record). . . This is not a case where plaintiff's inaction evidences an intent to abandon the suit.

In this case, the service of the amended petition on Defendants on April 15,

2015, the letter sent to Defendants on June 2, 2015 and the settlement negotiations

between the respective counsels, were not informal, ex parte actions of which

Defendants were not aware. Thus, as discussed in *Oilfield Heavy Haulers*, it was

not an instance where these events served to "interrupt prescription against

abandonment without the opposing parties formally learning of them for months or years, to their possible prejudice." *Id.* at 985. These three events clearly evidenced an intent by Plaintiff to pursue his claim, of which Defendants were fully aware.

Just as the supreme court noted in *Oilfield Heavy Haulers*, a reversal of the trial court's granting of abandonment in this case is "in keeping with our longstanding jurisprudence requiring a liberal construction of Article 561. '[A]bandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned.' *Clark*, 00-3010, p. 9; 785 So.2d at 786." *Id.* at 986. Therefore, I would reverse the judgment of the district court denying the Motion to Vacate Dismissal for Abandonment and remand the matter for further proceedings.